MIDDLETON *v.* ZACHARY *et al.*[*]

(Division B.   Oct. 27, 1924.)

[101 So. 558.   No. 24341.]

BILLS AND NOTES. *Allowance of attorney's fees under provision of note therefor, if it should be put in attorney's hands for collection, held erroneous.*

Where an injunction is sued out to prevent a trustee's sale under a deed of trust, securing a note which provides for an attorney's fee if the note is placed with an attorney for collection, which is retained for final hearing, and claims for special damage withdrawn before final hearing, it is error for the court to allow the attorney's fee stipulated for in the note where there is no evidence that it has been placed with an attorney for collection. The defense of an injunction suit is not such a contingency as is provided for in the note.

---

[*]Headnote 1. Bills and Notes, 8 C. J., section 1430.

APPEAL from chancery court of Pike county:

HON. J. T. HUTCHINSON, Special Chancellor.

Proceeding between J. Q. Middleton, administrator, and J. M. Zachary, trustee, and others. From the judgment rendered, the former appeals. Affirmed in part, and reversed in part.

*Thomas Mitchell*, for appellant.

The bill of complaint praying for an injunction was drawn under and by virtue of section 2068, Code of 1906, as it was ascertained by the administrator that the personal property would not be sufficient to pay the debts and expenses of the estate, and the petition had to be in the form of an injunction to prohibit the sale of the land by the trustee, for the trustee had advertised the land for sale. It is our contention that under section 2068, Code of 1906, the administrator had a right to file a petition in the chancery court and to make the appellees a party thereto, and to bring them into court to establish their claim, if any they had.

Section 2111, Code of 1906, provides, among other things, that a person claiming to have a lien on any property of the decedent may be made a party to any proceeding by the administrator or a creditor to test the validity of such a claim to a lien, and to determine upon the right of such a claim; and this may be in a proceeding to sell property, which may be ordered to be sold free from such lien, or subject to it; and the decree may be made as to a sale and disposition of the proceeds of the sale of the property, as may be according to the rights of parties before the court, and we take it that under this section the administrator had a perfect right to bring this suit and to enjoin the trustee and not to allow the land to be sold by him, and allow the court to determine the right of appellees to state their account or rather compel them

to do so, and also to determine and ascertain whether or not appellees' claim is right, just, and fair.

We ask that the decree of the lower court be set aside and this case reversed and a decree entered here directing the administrator to proceed to sell the land of the deceased and to apply the proceeds on the payment of his debts, and that the note dated October 24, 1916, be disallowed and the note dated April 6, 1921, be disallowed, and that the administrator be ordered to proceed with the administration of the affairs of the estate of the late J. Green Smith in accordance with sections 2068 and 2111, Code of 1916.

*J. B. Sternberger,* for appellees.

In this case, after the death of the grantor, Green Smith, in deeds of trust to Dr. Felder and wife for money loaned, the trustee, Zachary, was advertising the land covered by the deeds for sale when J. Q. Middleton, Administrator of Smith, enjoined the sale, alleging forgery, fraud, usury, and so on, none of which was proved at the trial.

A motion to dismiss the appeal for delay ought perhaps to have been filed. The only possible ground for injunctive relief shown in the record is that the land's value exceeded the sum due Felder; and in order to make the land bring all it would for the benefit of creditors, a judicial sale might possibly prove more equitable and fruitful. Yet the proof failed to show that this poor land, with the dwelling burned down, would more than bring at public sale Felder's claim and expenses of sale. It was upon the general relief prayed for, therefore, that the bill was retained, and appellees, defendants below, withdrew their claim for damages on the final hearing.

The law does not presume forgery, fraud, or usury, all of which are charged in the bill and counsel's brief, but there must be some proof of the charges. The presumption of law is that the Felder's were guilty of none of

these charges. The statute sealed Felder's lips; but the evidence of Wiltshire, Leggett and Smith, abundantly proved the validity of Felder's claim. Now what is there in this entire record that shows the decree is erroneous, much less that it is manifestly so? I ask, then, that the decree be affirmed, and that the sum decreed to be due Felder in the master's computation, to-wit: Four hundred nine dollars and forty-one cents and interest from date, with statutory damages be decreed by this court, and that another sale day of the land be fixed by this court, or that the special chancellor be directed to do so.

ETHRIDGE, J., delivered the opinion of the court.

One J. Green Smith executed a note and deed of trust on certain lands in favor of Mrs. A. D. Felder and subsequently died. Shortly after the death of J. Green Smith, the beneficiary in the deed of trust directed the trustee to foreclose the deed of trust, the same being then past due. The appellant, J. Q. Middleton, was appointed administrator of the estate of J. Green Smith, and, upon investigating the affairs of said Smith, discovered there would not be enough personal estate to pay the debts. He thereupon filed a bill of injunction to restrain the trustee from making the sale, attacking the legality of the sale, and the amount due under the deed of trust. A motion was made to dissolve the injunction and evidence taken on the motion, and the chancellor refused to dissolve the injunction but retained it until the final hearing. On final hearing, the chancellor dismissed the bill and allowed ten per cent. attorney's fees to the attorney for the defendant, that amount of attorney's fees being stipulated for in the note secured by the deed of trust provided the note was placed with an attorney for collection. The court directed the sale of the property to pay the debt of 'Mrs. Felder, and allowed certain other damages.

There is no proof in the record that the note of Mrs. Felder was ever placed in the hands of an attorney for

collection, and as this was the condition upon which it was agreed to pay the ten per cent. attorney's fee, and the contingency not being shown to have arisen which was therein provided for, it was error for the chancellor to allow the ten per cent. attorney's fees. Consequently that part of the judgment allowing attorney's fees is reversed, but the judgment in all other respects will be affirmed.

*Reversed in part; affirmed in part.*